UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM MOORE,<br><br>　　　　　Plaintiff,<br>v.<br><br>UNIVERSAL VACATION CLUB, INC.; THE VILLA GROUP, INC.; and DOES 1 to 10, Inclusive,<br><br>　　　　　Defendants. | Case No.14cv2604 AJB (RBB)<br><br>ORDER GRANTING DEFENDANT UNIVERSAL VACATION CLUB, INC.'S MOTION FOR FORUM NON CONVENIENS DISMISSAL<br><br>(Doc. No. 4.) |

Before this Court is a motion to dismiss for forum non conveniens, filed by Defendant Universal Vacation Club, Inc. ("UVC"). (Doc. No. 4.) Plaintiff, Adam Moore ("Plaintiff"), did not file an opposition to the motion. This motion is suitable for determination on the papers and without oral argument in accordance with Civil Local Rule 7.1.d.1. Accordingly, no appearances are required and the motion will be deemed submitted as of this date.

Upon consideration of the motion and UVC's arguments in support, the Court **GRANTS** UVC's motion to dismiss.

I.　**BACKGROUND**

　　A.　**Factual Background**[1]

This case revolves around an incident that occurred at the Villa del Palmar Resort in Cabo San Lucas, Baja California Sur, Mexico (the "Resort"). (Compl. 1-2, Doc. No. 1.)

---

[1] The facts herein are derived from the Complaint. (Doc. No. 1.)

Plaintiff, an individual, resides in Henderson, Colorado. (*Id*. at 2.) Defendant UVC is a California corporation whose primary business and headquarters are located in San Diego, California. (*Id.*) Plaintiff asserts that on information and belief, Defendant Villa Group, Inc. ("Villa Group") is a Mexican corporation, although Plaintiff, at the time of filing this complaint, did not know the state of incorporation and headquarters. (*Id.*) UVC and Villa Group are jointly referred to as "Defendants".

On or about November 2, 2013, Plaintiff was vacationing at the Resort. (*Id.* at 1-2.) While in the pool area of the Resort (the "Premises"), Plaintiff placed his left hand on a glass table, and his left arm broke through the glass up to Plaintiff's biceps (the "Incident"). (*Id.* at 3.) Two doctors who were present, one an American guest and the second a Mexican doctor, bandaged the wound. (*Id*.) Plaintiff was transported to a local hospital emergency room at the Centro Medico Cabo San Lucas, where he received three blood transfusions and emergency surgery. (*Id.*) The next morning, Plaintiff was flown by Air Evac to San Diego International Airport then transported by Pacific Ambulance to University of California San Diego Hospital ("UCSD"), where he received a second surgery. (*Id*.) On or about November 6, 2013, Plaintiff was discharged from UCSD and returned to Colorado. (*Id.*)

Plaintiff asserts that the Resort consists of a hotel operated by Villa Group and a time-share condominium complex operated by UVC. (*Id*.) Plaintiff further asserts that Villa Group and UVC jointly operate common resort areas, including the pool, and "jointly owned, leased, occupied, controlled, and/or maintained the Premises at the time of the Incident." (*Id*. at 3-4.)

**B.    Procedural Background**

Plaintiff filed this action on October 31, 2014, claiming premises liability pursuant to Cal. Civ. Code Section 1714(a) and Mexican extra-contractual civil liability pursuant to Mexico's Federal Civ. Code Article 1910. (*See id.* at 4.) Defendant UVC filed a motion to dismiss for forum non conveniens on January 12, 2015. (Mot. to Dismiss, Doc. No. 4.) This Court set a briefing schedule as to the motion to dismiss on January 12, 2015. (Order, Doc. No. 5.) The briefing schedule ordered the opposition due by January 28, 2015, and the reply

due by February 4, 2015. (*See id.*)  The hearing for the motion to dismiss was set for April 2, 2015. (*See id.*)  Plaintiff did not, and to this date has not, filed a response to the motion to dismiss.  Defendant UVC filed a reply on February 5, 2015.[2]  (Reply Supp. Dismiss, Doc. No. 8.)

## II.   DISCUSSION

The Court now addresses UVC's motion for forum non conveniens dismissal, which asserts that 1) the State of Baja California Sur, Mexico, provides an adequate alternative forum; 2) Mexican law provides an adequate alternative forum; 3) the private interest factors favor dismissal for forum non conveniens; and 4) the public interest factors favor dismissal for forum non conveniens.  (Mem. Supp. Dismiss 5, 9, 11, 17, Doc. No. 4-1.)

Plaintiff asserts that venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(3) because UVC resides within this district and no other venue is allowable pursuant to 28 U.S.C. § 1391(b)(1) or (2).  (Compl. 2); *see Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979) (noting that the plaintiff has the burden of showing that venue is proper).

"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction *even when* jurisdiction is authorized by the letter of a general venue statute."  *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1224 (9th Cir. 2011) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (emphasis added)).[3]  Therefore, even if venue is proper in the Southern District of California, this Court may still consider the motion to dismiss for forum non conveniens.  *See Carijano*, 643 F.3d at 1224 ("The

---

[2] Defendant previously filed a reply (Doc. No. 7) on February 4, 2015, however, pursuant to the Court's request, later filed a notice of withdrawal of document number 7 (Doc. No. 9) because the deficiencies with document number 7 were corrected with the subsequent reply (Doc. No. 8).

[3] *Gulf Oil Corp. v. Gilbert* has been superseded by the passage of 28 U.S.C. § 1404(a) as far as transfers from one federal court to another federal court, but is still instructive for transfers to a forum outside the federal system.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996) (noting the forum non conveniens function of dismissal with the expectation of re-filing in a different federal court has been superseded by statute, but the Supreme Court continues to recognize federal courts' power to dismiss damages actions under the common-law forum non conveniens doctrine in cases where the alternative forum is abroad).

doctrine 'is based on the inherent power of the courts to decline jurisdiction in exceptional circumstances.'") (quoting *Paper Operations Consultants Int'l, Ltd. v. S.S. Hong Kong Amber*, 513 F.2d 667, 670 (9th Cir. 1975)).  The doctrine of forum non conveniens is an exercise of the court's inherent power and, unlike transfer of venue, results in dismissal. *Carijano*, 643 F.3d at 1224.

"To prevail on a motion to dismiss based upon forum non conveniens, a defendant bears the burden of demonstrating an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Id.* at 1224 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002)).

### A.     Adequacy of Alternative Forum

To dismiss on the ground of forum non conveniens, a court must examine whether there is an adequate alternative forum. *Cooper v. Tokyo Elec. Power Co.*, No. 12-CV-3032 JLS WMC, 2014 WL 5465347, at *12 (S.D. Cal. Oct. 28, 2014).  "An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy." *Carijano*, 643 F.3d. at 1225 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981)).

#### 1.     Whether Defendants are Amenable to Process in Mexico

Turning to the first requirement for establishing an alternative forum, Defendant UVC agrees to submit to the jurisdiction of the courts of Baja California Sur, Mexico, and will accept service of process, so long as Plaintiff files suit within three months of the dismissal. (Mem. Supp. Dismiss 8; Kistner Decl. ¶ 13, Doc. No. 4-2 (declaration of the president of UVC).)

As to named Defendant Villa Group, Plaintiff asserts Villa Group is a Mexican resort and time-share corporation, but does not know the state of incorporation and headquarters, despite significant investigation. (Compl. 2.)  UVC asserts Villa Group is not a recognized legal entity, but rather a trade name for the various hotels, resorts, and spas. (Mem. Supp. Dismiss 11; Madera Decl. ¶ 3, Doc. No. 4-3 (declaration of the administrative director of Caboland).)  On a motion to dismiss, the court must accept all allegations of material fact

in the complaint as true, and draw all reasonable inferences in favor of plaintiffs. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Taking Plaintiff's alleged facts as true, Villa Group, a Mexican corporation, would be subject to jurisdiction in Mexico. Therefore, this Court is comfortable finding that Villa Group is amenable to process in Mexico.

UVC asserts that the owner of the Resort is Caboland S.A. de C.V. ("Caboland"). (Mem. Supp. Dismiss 11-12; Madera Decl. ¶ 6.) UVC further asserts that Caboland contracts with Operadora Palmar Cabo, S.A. de C.V. ("Operadora") for the operation, maintenance, and management of the Resort. (Mem. Supp. Dismiss 12; Madera Decl. ¶ 7.) Caboland and Operadora are willing to submit to the jurisdiction of the courts of Baja California Sur, Mexico, so long as Plaintiff files suit within three months of dismissal, and accept service of process. (Mem. Supp. Dismiss 8; Madera Decl. ¶ 24.)

Because UVC, as well as potential parties Caboland and Operadora, have submitted to the jurisdiction of the courts of Baja California Sur, Mexico, and accept service of process, and because Villa Group, a Mexican corporation, is amenable to service in Mexico, the first requirement for establishing an adequate alternative forum has been met. *See Carijano*, 643 F.3d at 1225 (holding that the defendant's voluntary submission to service of process sufficed to meet the first requirement for establishing adequate alternative forum, where the defendant stipulated to service of process and consented to jurisdiction there).

## 2. Whether Mexico Offers a Satisfactory Remedy

The second requirement for establishing adequate alternative forum, that the other jurisdiction offers a satisfactory remedy, is easy to satisfy. *Carijano*, 643 F.3d at 1225-26 (citations omitted). The alternative forum must provide some remedy for the forum to be adequate, and "typically, a forum will be inadequate only where the remedy provided is so clearly inadequate or unsatisfactory, that it is no remedy at all." *Palmco Corp. v. JSC Techsnabexport*, 448 F. Supp. 2d 1194, 1200 (C.D. Cal. 2006); *see also Piper,* 454 U.S. at 250, 254 n.22 ("[D]ismissal on grounds of forum non conveniens may be granted even though the law applicable in the alternative forum is less favorable to the plaintiff's chance

of recovery. . . .[H]owever, where the remedy offered by the other forum is clearly unsatisfactory, the other forum may not be an adequate alternative.").

The Plaintiff in this case brings two causes of action, one for premises liability pursuant to Cal. Civ. Code Section 1714(a) asserting that Defendants' negligence caused Plaintiff's injuries, and the second for Mexican extra-contractual civil liability pursuant to Mexico's Federal Civ. Code Article 1910. (Compl. 4.) Because Plaintiff's second cause of action is under Mexican law, the only issue is whether Mexico offers a satisfactory remedy for the first cause of action under California state law.

UVC asserts that the remedy for the premises liability claim would be available in Mexico by bringing claims for breach of non-contractual obligations for any negligence on the part of Defendants that caused Plaintiff's damages. (Mem. Supp. Dismiss 9; Garcia Decl. ¶ 11, Doc. No. 4-4.) As support, UVC submitted a declaration of Manuel Garcia Pimentel Caraza ("Garcia"), who is an attorney in good standing and licensed to practice law in the United Mexican States and also has experience with law school professorships in Mexico City, Mexico. (Garcia Decl. ¶¶ 2-3.) Garcia's declaration provided an in-depth explanation of the Mexican legal system, applicable substantive law, and local procedural law. (*See generally* Garcia Decl.) Garcia testified that Plaintiff, in a subjective liability case, can request restitution of the previous situation, if possible, and if not, the payment of damages and losses. (*Id.* ¶ 20.) If Plaintiff were to prevail, he would be entitled to indemnification as well as compensation of "moral damages". (*Id.* ¶¶ 21, 24.)

In *Carijano*, the Ninth Circuit affirmed the districts court's holding that the Peruvian legal system offered a satisfactory remedy. *Carijano*, 643 F.3d at 1226. The district court based its decision on the affidavit of the defendant's expert,[4] which provided an in-depth exploration of Peruvian statutory law and civil procedure, and testified that "Peruvian law

---

[4] Unlike the court in *Carijano*, thie Court does not have an opposition, declaration, or affidavit from Plaintiff to consider, and instead bases its decision on the testimony submitted by UVC (Garcia Decl.). *See Carijano*, 643 F.3d at 1225 (holding that the district court properly exercised its broad discretion to weigh the evidence in this context, where the district court disregarded the plaintiffs' expert declaration and credited the defendant's expert's affidavit).

has analogies for all the substantive legal theories on which the lawsuit filed in the Los Angeles jurisdiction is based" and "Peruvian substantive norms on civil liability allow a lawsuit for damages to be processed on the facts set forth in the complaint." *Carijano*, 643 F.3d at 1225.

Similar to *Carijano*, UVC has submitted testimony sufficient to persuade the Court that the Mexican legal system can offer sufficient remedy for Plaintiff's claims. *Compare Kryzanowski v. Wyndham Hotels & Resorts, LLC*, No. 13 CV 1077 L(MDD), 2014 WL 895449, at *2-3 (S.D. Cal. March 6, 2014) (finding no adequate forum where the defendants never addressed whether Mexican law provides an adequate forum for strict products liability claims, and plaintiff argued Mexico's system of liability for damages can only be imposed on the wrongdoer itself, therefore defendants' vicarious liability lacked the necessary relationship under Mexican law, effectively affording plaintiff no remedy at all).

After carefully considering the evidence submitted by UVC, the Court finds that the State of Baja California Sur, Mexico, provides an adequate alternative forum.

### B. Balance of Private and Public Interest Factors

The Court must next assess whether the balance of the private and public interest factors strongly favor dismissal. "[A] plaintiff's choice of forum will generally not be disturbed unless both private and public factors strongly favor trial in a foreign forum." *Palmco Corp.*, 448 F. Supp. 2d at 1198 (citing *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1145 (9th Cir. 2001)).

#### 1. Private Interest Factors

"The factors relating to the private interests of the litigants include: '(1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Carijano*, 643 F.3d at 1229 (quoting *Boston Telecomms. Grp. v. Wood*, 588 F.3d 1201, 1206-07 (9th Cir. 2009)).

### a.     Residence of the Parties and the Witnesses

Plaintiff is a resident of Colorado. (Compl. 2.) Defendant UVC is a California corporation whose primary place of business is in San Diego, California. (Compl. 2; Mem. Supp. Dismiss 1.) Plaintiff asserts that Villa Group is a Mexican resort and timeshare corporation, however, Plaintiff does not know Villa Group's state of incorporation or headquarters. (Compl. 2). UVC asserts that Villa Group is not a valid entity but rather a trade name used to describe various hotels, resorts, and spas. (Mem. Supp. Dismiss 2-3, 6; Madera Decl. ¶ 3.)

As to UVC, the only defendant to appear in this matter, UVC argues that it is not an appropriate defendant in this case because UVC does not own, operate, or manage the Resort; exercises no control over and is not responsible for the maintenance of the area where the Incident took place; is not responsible for and does not have any duties relating to the individuals who work at the Resort; and is not responsible for Resort policies, procedures, or day-to-day operations of the Resort. (Mem. Supp. Dismiss 2, 6; Kistner Decl. ¶¶ 4-7; Madera Decl. ¶¶ 14-15, 17.) Plaintiff alleges UVC, jointly with Villa Group, operates common resort areas, such as the pool where the Incident took place. (Compl. 3.) As already noted, on a motion to dismiss, the court must accept all allegations of material fact in the complaint as true, and draw all reasonable inferences in favor of plaintiff. *Cahill*, 80 F.3d at 337-38. Since allegations of the Complaint must be accepted as true, this Court must assume that UVC does operate the Premises where the Incident occurred. Applying the same standard to Villa Group, this Court must assume that Villa Group is a Mexican resort and timeshare corporation, as plaintiff has alleged. UVC is a California corporation and Villa Group is a Mexican corporation, therefore the residence of Defendants does not favor either forum. Plaintiff is a resident of Colorado, which also favors neither a California nor Mexico forum.

As to the witnesses in this case, UVC asserts that with the exception of Plaintiff, all potential witnesses are located in Mexico including employees of the Resort; the individual(s) who transported Plaintiff to the Centro Medico Cabo San Lucas; and intake

and medical personnel at Centro Medico Cabo San Lucas. (Mem. Supp. Decl. 12-13; *see* Madera Decl. ¶ 21 (identifying, by name and occupation, seven relevant witnesses who are all located in Mexico); Madera Decl. ¶ 22 (declaring that Caboland and Operadora are not aware of any witnesses in California who have firsthand knowledge regarding the incident, other than medical personnel who may have performed secondary treatment).) Plaintiff alleges that two doctors gave immediate aid, one being an American hotel guest, and the other a Mexican doctor. (Compl. 3.) UVC correctly points out that the American doctor's residence was not specified in the Complaint. (Mem. Supp. Dismiss 13.) The Court is compelled to consider that personnel at UCSD, where Plaintiff received a second surgery, may be potential witnesses. Even considering the UCSD personnel and the American doctor to be potential witnesses who potentially reside in California, the majority of important witnesses in this case are located in Mexico, which weighs in favor of dismissal.

Because the residence of the parties favors neither forum, and the residence of the witnesses favors a Mexico forum, this factor favors dismissal.

### b.     Forum's Convenience to the Parties

A showing of inconvenience by a defendant will usually be outweighed by a showing of convenience by a party who has sued in his home forum. *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 664 (9th Cir. 2009). Greater deference is afforded to a plaintiff's choice of home forum because it is presumptively convenient. *Carijano*, 643 F.3d at 1227. However, the deference is far from absolute and "[a] district court has discretion to decide that a foreign forum is more convenient." *Loya*, 583 F.3d at 665.

Plaintiff is a resident of Colorado and has chosen to bring this action in San Diego, California. The Southern District of California is not Plaintiff's home forum and indeed San Diego, California, is far from Henderson, Colorado, thus rendering this Court not presumptively convenient for Plaintiff. Therefore, this Court declines to give greater deference to Plaintiff's choice of forum. *See Lueck*, 236 F.3d 1137, 1145 (9th Cir. 2001) (noting that a plaintiff's choice of forum merits less deference and the showing required for dismissal is reduced when a plaintiff does not reside in the selected forum). Still affording

some deference to Plaintiff's choice, this Court moves forward in analyzing the convenience of forum. *See Carijano*, 643 F.3d at 1227 (noting that less deference does not mean no deference).

UVC is located in San Diego, California; Plaintiff is located in Henderson, Colorado; and the Incident occurred in Mexico. If the case goes forward in Mexico, both Plaintiff and Defendant will have to travel to Mexico for trial, which is an inconvenience for both parties. If the case goes forward in California, only Plaintiff will need to travel for trial. UVC argues a Mexico forum will be more convenient for both Plaintiff and Defendants because that is where the Incident occurred, where evidence is located, where witnesses are located, and where any investigation of the Premises will need to occur. (Compl. 3; Mem. Supp. Dismiss 12-13.) However, the Court is compelled to consider that both Plaintiff and UVC may have to travel to Mexico to conduct interviews, depositions, and investigations, regardless of whether the forum is in California or Mexico. Notably, at trial in a California forum, obtaining testimony from witnesses who are located in Mexico will be an additional inconvenience. (Mem. Supp. Dismiss 15.)

After carefully considering all of the facts, this is a neutral factor. *See Boston Telecomms.*, 588 F.3d at 1208 (finding the convenience factor to be neutral where similar logistical considerations would apply in either forum).

### c.  Access to Physical Evidence and Other Sources of Proof

As far as physical evidence and other sources of proof, the Incident occurred in Mexico and the glass table that caused Plaintiff's injury is presumably in Mexico. UVC asserts that any documents related to the maintenance responsibilities, maintenance procedures, and maintenance history of the Resort, as well as documents regarding the Incident itself, are presumably in Mexico. (Mem. Supp. Dismiss 13; Madera Decl. ¶ 23.)

Operadora, the operator of the Premises, is a Mexican entity (Madera Decl. ¶ 7) and Caboland, the owner of the Resort, is also a Mexican entity (Madera Decl. ¶¶ 2, 6). Therefore, it is entirely reasonable to presume that documents relating to the operation of

the Premises and the Incident itself are in Mexico.  When all of the evidence is properly considered, this factor weighs heavily in favor of dismissal.

### d. Whether Unwilling Witnesses Can Be Compelled to Testify

UVC argues that nearly all percipient witnesses and employees of Caboland and Operadora who would have knowledge about the business practices of the Mexican entities are located in Mexico. (Mem. Supp. Dismiss 12-14; *see* Madera Decl. ¶ 21 (identifying, by name and occupation, seven relevant witnesses who are all located in Mexico); Madera Decl. ¶ 22 (declaring that Caboland and Operadora are not aware of any witnesses in California who have firsthand knowledge regarding the incident, other than medical personnel who may have performed secondary treatment).)  UVC asserts that Mexico has a process to compel the attendance of unwilling witnesses and Mexican courts have the ability to subpoena witnesses located in Mexico.  (Mem. Supp. Dismiss 13; Garcia Decl. ¶ 45.)  UVC contends that these witnesses are beyond the jurisdictional reach of this Court because they are located in Mexico, making it impossible to compel unwilling witnesses to testify.  (Mem. Supp. Dismiss ¶¶ 14-15.)

The Ninth Circuit has noted that the initial question for this factor is not whether there are witnesses beyond the reach of compulsory process, but rather "whether it has been alleged or shown that witnesses would be unwilling to testify." *Carijano*, 643 F.3d at 1231 (citing *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006) ("When no witness' unwillingness has been alleged or shown, a district court should not attach much weight to the compulsory process factor.")).

UVC did not overtly argue in its motion that there are witnesses who would be unwilling to testify.  However, by contending that it would be impossible to compel the attendance of unwilling witnesses who are located in Mexico, the Court can infer that there are witnesses who would be unwilling to testify in California.  Indeed, this Court could not compel these witnesses to appear and testify in this Court. *See Gallego v. Garcia,* 2010 WL 2354585, at *4 (S.D. Cal. June 9, 2010) (finding that the compulsory process factor weighed in favor of dismissal because the court did not have the means to compel unwilling

witnesses residing in Mexico to appear and testify in the United States District Court for the Southern District of California).

Because there are unwilling witnesses located in Mexico who could not be compelled to testify in California, this factor weighs in favor of dismissal.

### e.     Cost of Bringing Witnesses to Trial

As discussed above, UVC asserts that nearly all witnesses and individuals who would have relevant knowledge are located in Mexico. (Mem. Supp. Dismiss 12-14; *see* Madera Decl. ¶ 21 (identifying, by name and occupation, seven relevant witnesses who are all located in Mexico); Madera Decl. ¶ 22 (declaring that Caboland and Operadora are not aware of any witnesses in California who have firsthand knowledge regarding the incident, other than medical personnel who may have performed secondary treatment).) UVC asserts the cost of obtaining the testimony and appearance of the Mexican witnesses at trial in this Court would be extraordinary. (Mem. Supp. Dismiss 15.)  The UCSD personnel are likely located in California, however, the role of these witnesses appear to be minor and Plaintiff has offered no argument or assertion as to his intention of bringing these Californians to trial, nor the cost of bringing such witnesses to trial in a Mexico forum.

While UVC did not contend an exact amount, and without making a finding as to the exact cost of bringing Mexican witnesses to trial, the Court is persuaded, based on the location of the witnesses, that the cost of bringing witnesses to trial would be greater in California than in Mexico.  Therefore, this factor weighs in favor of dismissal.

### f.     Enforceability of the Judgment

UVC is a California corporation, therefore any judgment rendered in California would be enforceable as to UVC.  UVC asserts that a judgment obtained in Mexico would be enforceable in the United States because Mexico's judicial system complies with due process. (Mem. Supp. Dismiss 15.)

"A Mexican judgment against [] American defendants would be enforceable in the United States." *Loya v. Starwood Hotels & Resorts*, 2007 WL 1991163, at *8 (W.D. Wash. July 6, 2007) (finding that a Mexico judgement would be enforceable in Washington

because Washington has adopted the Uniform Foreign Money-Judgments Recognition Act, which provides for enforcement of foreign judgments) (affirmed by *Loya*, 583 F.3d 656); *see also* Cal. Civ. Proc. Code § 1713 (adopting the Uniform Foreign-Country Money Judgments Recognition Act). "California generally enforces foreign judgments, as long as they are issued by impartial tribunals that have afforded the litigants due process." *Carijano*, 643 F.3d 1231-32 (citing Cal. Civ. Proc. Code §§ 1716(a)-(d)).

Garcia testified by declaration that the Political Constitution of the United Mexican States ("CPEUM")[5] "contains constitutional or fundamental rights equivalent to those rights set forth in the Bill of Rights of the United States Constitution, including due process of law. . . ." (Garcia Decl. ¶ 37.) Garcia further declares that decisions in Mexico courts "shall be made in a rapid, complete, and impartial manner." (Garcia Decl. ¶ 38.) The Court has not found, and Plaintiff has not asserted information to the contrary.

In light of evidence presented and the Court's independent review, this Court is convinced that Mexico's judicial system is impartial and complies with due process for purposes of this motion. Therefore, this Court finds that a Mexico judgment would be enforceable in California and against UVC. Accordingly, any judgment rendered against UVC either in Mexico or California would be enforceable against UVC. Therefore, as to UVC, this factor is neutral.

As to Villa Group, Plaintiff alleges that Villa Group is a Mexican corporation. (Compl. 2.) Therefore, a Mexico judgment would be enforceable against Villa Group. Neither party has provided, and this Court has not found, any authority as to the enforceability of a California judgment on a Mexican defendant in Mexico. This Court is not compelled to presume either way, and therefore finds this factor neutral.

### g. All Other Practical Problems

As to all other practical problems that make trial of a case easy, expeditious, and inexpensive, UVC asserts that trial in a California forum would cause exceptional costs and

---

[5] Paragraph 37 of the Garcia declaration references "CPEM," however, the Court believes this was a typographical error as CPEM is not indicated to be an abbreviation in the declaration.

delay. (Mem. Supp. Dismiss 15.) This Court agrees that identifying and bringing evidence and witnesses located in Mexico before this Court will likely cause delay and extra costs that would not be an issue in a Mexico forum. UVC further asserts that litigation in Mexico would be cost efficient for Plaintiff because, unlike California courts, Mexico does not have court fees for filing a civil action, foreign plaintiffs are not required to post a bond, no fees are required to appear before Mexican courts, and interpreters can be provided. (Mem. Supp. Dismiss 16; Garcia Decl. ¶ 38.)

UVC also argues that "exceptional costs and inefficiencies of discovering and presenting at trial the witnesses and documents uniquely located in Mexico present major obstacles to a fair trial in this Court." (Mem. Supp. Dismiss 16.) However, UVC fails to explain how witnesses and documents being located in Mexico will affect the fairness of trial in this Court. While it is reasonable to find that the witnesses, documents, and evidence being located in Mexico will make trial in this Court more costly, and more lengthy, this Court is not persuaded that it will make trial unfair.

Although not decisive, the extra costs and time concerns of litigating a case that is based on an incident that occurred in Mexico, in a California forum, weigh in favor of dismissal.

After careful consideration of all the private interest factors, this Court finds that private interests favor dismissal.

### 2. Public Interest Factors

Having considered all relevant private interest factors, this Court must also balance public interest factors. The public interest factors include: (1) the local interest in the lawsuit; (2) the court's familiarity with the governing law; (3) burden on local courts and juries; 4) congestion in the court; and 5) costs of resolving a dispute unrelated to a particular forum. *Carijano*, 643 F.3d at 1232.

#### a. Local Interest in the Lawsuit

The aim of the local interest factor is to determine "if the forum in which the lawsuit was filed has its own identifiable interest in the litigation which can justify proceeding in

spite of [] burdens" such as "factors regarding familiarity with the applicable law, docket congestion, and costs and other burdens on local courts and juries . . . ." *Carijano*, 643 F.3d 1232.

As alleged by Plaintiff, named Defendant Villa Group is a Mexican corporation. (Compl. 2.) UVC argues Mexico and Baja Sur have substantial interests in this case because they regulate Mexican businesses and hold them accountable for their wrongful acts, and because they have an interest in ensuring that foreign tourists are treated fairly so that Mexico's vital tourist industry does not suffer. (Mem. Supp. Dismiss 19.) On the other hand, UVC argues California has virtually no interest in this case based solely on UCSD's role in giving Plaintiff secondary medical treatment and UVC's residence in California. (Mem. Supp. Dismiss 19.) The Court is persuaded that Mexico has a substantial interest, but notes that California has a "significant interest in providing a forum for those harmed by its corporate citizens." *Carijano*, 643 F.3d 1232.

The Court finds it decisive that the incident took place in Mexico, and the harm was to a Colorado defendant. Although this Court has an interest in the lawsuit, it is slight when looking at Mexico's interest. *Compare id.*, 643 F.3d at 1228, 1233 (finding, in a case involving one domestic plaintiff alongside 25 foreign plaintiffs, that "[t]here can be no question that the local interest factor weighs in favor of a California forum where a California plaintiff is suing a California defendant over conduct that took place in the state"). Therefore, this factor weighs in favor of dismissal.

### b.  Court's Familiarity with the Governing Law

Plaintiff brings two claims, one pursuant to California law and the other pursuant to Mexican law. Litigating this case in either a California forum or a Mexico forum will require each forum to deal with foreign law. Therefore, this factor is neutral.

### c.  Burden on Local Courts and Juries

UVC argues it would be an inappropriate use of this jurisdiction's resources to hear this case. (Mem. Supp. Dismiss 17.) UVC urges that this case has no connection with this District because UVC exercised no control over the furniture involved, the Premises where

the Incident occurred, or the individuals who work at the Resort. (Mem. Supp. Dismiss 18, 20; Kistner Decl. ¶¶ 4-7; Madera Decl. ¶¶ 14-15, 17.) As already noted, the Court must assume that UVC operates the Premises where the Incident took place. *See Cahill*, 80 F.3d at 337-38 (noting that on a motion to dismiss, the court must accept all allegations of material fact in the complaint as true, and draw all reasonable inferences in favor of plaintiffs); (*see also* Compl. 3 (Plaintiff alleging that UVC, jointly with Villa Group, operates common resort areas, such as the pool where the Incident took place)). UVC points out that presumably the only other connection this case has with this forum is the secondary treatment Plaintiff received at UCSD. (Mem. Supp. Dismiss 18.)

Even considering these connections with California, the crux of this case, the Incident, occurred in Mexico, and there is no allegation of any wrongful conduct occurring in California. Notably, even Plaintiff is not a California resident. (Mem. Supp. Dismiss 21; *see* Compl. 2.) This case has minimal connections with California and the cost and time considerations with evidence and witnesses being located in Mexico would impose a heavy burden on this Court.

UVC also argues that litigating this case in California would impose "an unfair burden on California jurors who have absolutely no relationship to this litigation." (Mem. Supp. Dismiss 21.) While this Court disagrees that California jurors have *absolutely no* connection with this litigation, this case will require bringing evidence and witnesses from Mexico, which will be time consuming and an extra burden on local juries.

Surely litigating this case in Mexico would be some burden on Mexico courts and juries. Considering that Plaintiff would be a foreign plaintiff to Mexico, the burden is noteworthy. However, the logistical concerns caused by evidence and witnesses being located in Mexico would cause a heavier burden on a California court and jury then it would a Mexico court and jury. Therefore, this factor weighs in favor of dismissal.

### d.   Congestion in the Court

UVC argues that the Southern District of California is already burdened with claims involving local residents and events that occurred in this district. (Mem. Supp. Dismiss 17.)

No information was submitted to the Court regarding the congestion of the Mexico courts. The origin of this dispute is in Mexico, and as discussed earlier, witnesses, documents, and evidence relevant to determining liability are located in Mexico. As already noted, it is logical that witnesses and evidence being located in Mexico will make trial in this Court more lengthy, which would further congest an already busy docket. Therefore, this factor weighs in favor of dismissal.

### e. Costs of Resolving a Dispute Unrelated to a Particular Forum

As already discussed, this case has minimal relations to California. This is particularly apparent when considering the Incident occurred in Mexico (Compl. 1-2), one named Defendant is allegedly a Mexican corporation (Compl. 2), UVC asserts the owner of the Resort is a Mexican corporation (Mem. Supp. Dismiss 11-12; Madera Decl. ¶ 6), and UVC asserts the operator of the Premises is a Mexican corporation (Mem. Supp. Dismiss 12; Madera Decl. ¶ 7). Also discussed earlier is the additional costs that would be involved with litigating this case in a California forum given that evidence and witnesses are located in Mexico. Considering the minimal relation this case has with California and the costs of litigating this case in California, this factor weighs in favor of dismissal.

After carefully considering all the public interest factors, this Court finds that public interests strongly favor dismissal.

### III. CONCLUSION

Dismissal for forum non conveniens requires a showing of an adequate alternative forum, and that the balance of private and public interest factors favors dismissal." *Carijano*, 643 F.3d at 1224. Having carefully considered the requisite factors, this Court finds that the State of Baja California Sur, Mexico, is an adequate alternative forum for this case. Further, after considering all the factors that inform a forum non conveniens determination, the private and public interest factors weigh strongly in favor of dismissal.

///

///

///

Therefore, the Court hereby **GRANTS** UVC's motion to dismiss for forum non conveniens (Doc. No. 4).  This case is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED:  March 6, 2015

_____
Hon. Anthony J. Battaglia
U.S. District Judge